☐ CNMCF/CMRU/CMU P.O. Drawer 1328 Los Lunas, NM 87031
☐ GCCF P.O. Box 520 Santa Rosa, NM 88435
☐ LCCF 6900 W. Millen Dr. Hobbs, NM 88244
☑ PNM P.O. Box 1059 Santa Fe, NM 87504
☐ SNMCF P.O. Box 639 Las Cruces, NM 88004
☐ SNMCF-ROU P.O. Box 20009 Las Cruces, NM 88004
☐ WNMCF P.O. Drawer 250 Grants, NM 87020
☐ NENMDF 185 Doctor Michael Jenkins Rd. Clayton, NM 88415

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO
JUN 20 2016
MATTHEW J. DYKMAN
CLERK

Name: Jose L Corral
No.: 81054    Unit: 6 15 B

6-15-2016
16cv655 JB/CG

To Whom it may Concern.

I Jose L Corral # 81054 am writing this letter I reference to my case M-12-FR-2013-00499/D-0905-CR-0201400 On or about 8-25-13 I was pulled over with 2 other guys Because the officer thought a suspect he was looking for might of Been in the vehicle, when we pulled over they arrested the driver Lucresio Almijo Due to having several outstanding warrants. The cops ran my name Jose L Corral And Jessie Cerver to see if we had any warrants when the Dispatcher checked me and Mr Cerver were clear we didn't have any warrants so the officers told us we were free to go they said we could leave or we could wait for a ride. Being that they told me I could leave I got out the vehicle and started walking Home. Whenever I got off the car the officers never searched me or Mr Cerver or the car once we left the officer decided to search the car while He was searching He found a Digital scale 1.75 grams in methaphenime 750 Fudy once they found all this the officer put it all Back then He called for a tow truck to come tow the vehicle so they towed took the car to impound and the officer followed him. Once they got to impound the officer put tape to seal the car until He got a warrant with he did the next day then He went and searched the vehicle and found all these items I Believe as It states in the police report that found all these things I Believe they we just supposed to do a plain site Inventory until they got a warrant not only that But I Believe they should of searched us before we left in wich they didn't. or they should of searched the vehicle Before we left and they didnt so I Believe Im doing time for no reason I Believe It was illegal search and siecery I also Believe once the suspect they were looking for wasnt in the car the traffic stop should of ended. I Been a resident of Curry County all my life the whole time I'v Been there I'v Noticed that the Justice Judicial System

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|
| CNMCF/CMRU/CMU<br>P.O. Drawer 1328<br>Los Lunas, NM 87031 | GCCF<br>P.O. Box 520<br>Santa Rosa, NM 88435 | LCCF<br>6900 W. Millen Dr.<br>Hobbs, NM 88244 | PNM<br>P.O. Box 1059<br>Santa Fe, NM 87504 | SNMCF<br>P.O. Box 639<br>Las Cruces, NM 88004 | SNMCF-POU<br>P.O. Box 20005<br>Las Cruces, NM 88004 | WNMCF<br>P.O. Drawer 250<br>Grants, NM 87020 | NENMDF<br>185 Doctor Michael Jenkins Rd.<br>Clayton, NM 88415 |

Name: Jose Ceal
No.: 81054   Unit: 615B

Date: 6-15-2016

Is very crooked for the simple fact that they all work together, as far as the Judges DA, and public defenders go. I am willing to take any discipline for my actions But only where justice is Being served Right you guys can pull out any case out of curry county and Best Believe you will find loop holes Just like in my case I would like to see if you guys can By any means please look over my case and maybe get me Back To court for a fair sentencing. I Believe if I would of Had a public defender out of another county I could of Beat this case or at least a fair sentence. Here attached is my police report So you may look over it and let me know what you might think or if I might even Be able to take this Back to court. Once you review my police report maybe you can Send it Back to me. Once again Thank you for your time and consideration.

Sincerely
Jose Ceal
#81054
Jose L Carrol

Agency Incident #13-05425

## STATE OF NEW MEXICO

MAGISTRATE COURT
CURRY COUNTY

STATE OF NEW MEXICO
v.

Jose L Corral
OLN: 122387020
SOC: 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
DOB: 07/16/1984
HGT: 6'00" WGT: 215 EYE: Bro
Defendant(s)



AUG 29 2013

Number  M-12-FR-2013-00499
R-H

### AFFIDAVIT FOR ARREST WARRANT

The undersigned, being duly sworn, on his oath, states that he has reason to believe that on or about the 25 day of August, 2013 in Curry County, State of New Mexico, the above-named defendant(s) did commit the crime of:
Trafficking controlled substances (by distribution or sale of narcotic drug - 1 offense) Drug paraphernalia (possession)Tampering with Evidence (highest crime commit ted is a capital, 1 or 2 degree felony)
Contrary to the law of the State of New Mexico.
30-31-20(C) . (a 1 degree felony)30-31-25.1(A) . (a misdemeanor) 30-22-05(A) & (B) (1) . (a 3 degree felony)
The undersigned further states the following facts on oath to establish probable cause to believe that the above-named defendant(s) committed the crime charged:

Telephone
Approved
ADA
Bosman
Call
Per Shawn
Ct.
May 8th
8AM
1:31pm

On August 25, 2013 officers of the Clovis Police Department went the location of 404 Ash in reference in attempting to locate a male subject whom has been known to be at this residence on a continuous basis. This male has outstanding warrant for his arrest, and his name is Fabian Martinez. As officers drove by the residence, the above described vehicle was at the residence. This vehicle was occupied by three Hispanic males. It appeared one of these subjects to be Martinez. This vehicle left the residence quickly. As I was attempting to re-locate the vehicle, I noticed it near the intersection of 7th and Sycamore. As I was attempting to catch up to the vehicle, to determine rather or not Martinez was in the vehicle, it failed to use its turn signal as it was turning east onto 7th street. When I caught up to the white Dodge Charger I initiated my overhead emergency lights to conduct a traffic stop on the vehicle. The vehicle made a right turn traveling south on Johnson then came to a stop just after the intersection of 6th and Johnson. I made contact with the driver of the vehicle who became known to me as Lucresio F Armijo. As I spoke to Lucresio he appeared very nervous. I asked Lucresio to produce his driver's license, insurance and registration. He was only able to give me his drivers license and no other documents then explained he had barrowed the vehicle from a friend Jeanette Driever. While at the window I observed two other passengers in the vehicle who became known as Jessie E Carver and Jose L Corral. I ran Lucresio by his driver's license number threw dispatch. Dispatch a short time later advised me that Lucresio had an outstanding warrant for failure to appear out of District Court for the charges of Possession of a controlled Substance (felony), Aggravated Stalking, Use or possession of drug paraphernalia and pedestrians in the roadways. I confirmed identifiers from the warrant to include date of birth then asked Lucresio to exit the vehicle and step to the rear of the vehicle so I could speak with him. When Lucresio and I were out of ear shot of the passengers in the vehicle, I advised him of the warrant and placed him under arrest and it to handcuffs which I checked for proper spacing then double locked. Lucresio was then placed in the back seat of my police car while Officer Casarez, Officer Bryant and I awaited the other two passenger's driver's license returns. Jessie Carver came back without warrants but Jose could have been another individual with outstanding warrants which we clarified by comparing posted tattoos from the warrant with Jose's. The tattoos did not match. I told Jose and Jessie, Lucresio was under arrest for a warrant and seeing how they did not have a valid driver license I could not

release the car to them. Jessie said he could call the owner of the vehicle and see if she could come get it. He explained he did not know the owner of the car but Lucresio had called her from his phone before I had stopped them so he had her number on his phone. Jessie called the number and threw third party asked to relay the message about Lucresio being arrested and to come get her car. Jessie and Jose were released to leave the traffic stop if they wished or they could wait with the car. Jose was very nervous and appeared very anxious to leave the traffic stop. I observed Jose's demeanor as he walked from the corner of 6th and Johnson, he didn't wait for his friend Jessie who waited for his ID to be returned by Officer Casarez. Jose left Jessie behind and didn't waste any time to get out of the area.

After Jessie and Jose left we waited for the owner of the vehicle to come and get the car, unsure if anyone was coming to get the car I decided to have dispatch call me a wreaker to tow the vehicle due to the the driveway it was blocking. Officer Casarez, Officer Bryant and I began a vehicle inventory of the vehicle and tow sheet prior to the tow truck arriving. I opened the back door on the passenger side of the car where Jose was seated. I checked the pocket on the back of the front passenger seat at which time I placed my left hand on a small object wedged in the front of the rear passenger seat between the upper cushion and base of the seat. I removed the object and observed that it was a small rectangle shaped tin Altoids can. After I opened the can I observed a white Substance inside a baggy with other items to include small individual baggies commonly used for packaging and distribution of narcotics. Officer Casarez also found a black digital scale also commonly used for the distribution of narcotics near the Driver seat where Lucresio was seated in the vehicle. At this point we chose to leave the contraband in the vehicle and obtain a search warrant to retrieve the items.

Based on eight years of experience as a dually sworn police officer and through my training and experience I believed the substance I observed inside the car consistent with illegal narcotics. I base this observation off the way the contents was packaged inside a small baggy housed in a tin container with other empty individual baggies to include the digital scale. All these items together are consistent with the distribution and sales of illegal narcotics. Through my years of service I have found these items to coincide with other narcotic arrest. The car was towed to American Auto Salvage from the scene where Officer Casarez had escorted it to be placed inside a locked facility and the doors sealed with evidence tape until the search warrant was obtained.

On August 26, 2013 in the early morning hours I was able obtain a search warrant which was signed by Judge Castelberry. At 0850 I served and performed the search warrant on the vehicle at 513 S Prince American Auto Salvage where it was stored and locked up until the search warrant was signed.

After searching the car I found one black in color US- Magnum 1000 digital scale and one red and white Altoids rectangle can. Inside the Altoids can I observed on clear zip lock baggie with a crystal substance and a rolled up corner of a Wal-Mart shopping bag with more white crystal substance. The can also contained more empty zip lock baggies and a condom still in the rapper. I field tested the crystal substance in the baggies which field tested positive for Methamphetamine. I collected the contraband for evidence and returned to the Clovis Police department where I weighed the narcotic on a digital scale. It weighed out to the amount of 1.7 grams of methamphetamine.

Subscribed and sworn to before me in the County of Curry, State of New Mexico this 29 day of Aug, 2013

_____
Judge, Notary or other officer authorized to administer oaths.

J Gurule

_____
Signature of Affiant

PTLM 159

MAILED FROM PENITENTIARY
OF NEW MEXICO (SANTA FE)

Joe Coral 81054
Penitentiary of New Mexico
P.O. Box 1059
Santa Fe, NM
-8750-

Legal
Mail

United States District Court
District of New Mexico
Office of the Clerk
Suit 270
333 Lomas Blvd. N.W
Albuquerque, NM 87102

RECEIVED
At Albuquerque NM
JUN 20 2016
MATTHEW J. DYKMAN
CLERK


Bank Swallow