## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSE L. CORRAL,

     Petitioner,

vs.                                                                            No. CIV 16-0655 JB/CG

NEW MEXICO ATTORNEY GENERAL,

     Respondent.

### <u>MEMORANDUM OPINON AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) Petitioner's Petition, filed June 20, 2016 (Doc. 1)("Petition"); and (ii) Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed July 11, 2016 (Doc. 5)("Amended Petition"). The primary issue is whether Petitioner Jose L. Corral has exhausted his state court remedies such that his application for a writ of habeas corpus is appropriate under 28 U.S.C. § 2254(b). The Court concludes that Corral has not exhausted his state court remedies and thus dismisses the Petition and the Amended Petition.

On January 21, 2016, Corral pled guilty in the Ninth Judicial District Court, County of Curry, State of New Mexico, to trafficking controlled substances, a second-degree felony. <u>See</u> Amended Petition at 16. He was sentenced to nine years' incarceration, enhanced by one additional year under New Mexico's habitual offender statute, N.M. Stat. Ann. 1978, § 31-18-17. <u>See</u> Amended Petition at 16. He was credited with 253 days of time served and granted a seven-year suspension of his sentence, leaving 2 years, 3 months, and 21 days of incarceration, followed by 2 years of parole. <u>See</u> Amended Petition at 16. The state court entered final judgment on Corral's conviction and sentence on January 21, 2016. <u>See</u> Amended Petition at 16. Corral moved to modify his sentence on March

30, 2016.  See State of New Mexico v. Corral, D-905-CR-201400185, Motion to Modify Sentence,

filed March 30, 2016 (text-only-entry).  The state court denied Corral's motion on April 11, 2016.

See State of New Mexico v. Corral, D-905-CR-201400185, Motion to Modify Sentence is Hereby

Denied, filed March 30, 2016 (text-only-entry).  Corral did not file an appeal from the state district

court's judgment on his conviction and sentence, or from that court's denial of his Motion to Modify

Sentence.  Corral also never filed any collateral proceeding in the New Mexico state courts.  See

generally State of New Mexico v. Corral, D-905-CR-201400185, Register of Actions Activity.

On June 20, 2016, Corral sent a letter to the Court stating that his arrest and conviction were

improperly based on an illegal search and seizure.  See Petition at 1.  Corral requested:

> I would like to see if you guys can by any means please look over my case and
> maybe get me back to court for a fair sentencing.  I believe if I would have had a
> public defender out of another county I could of beat this case or at least a fair
> sentencing.

Petition at 1.  The Court construed Corral's letter as a request for habeas corpus relief pursuant to 28

U.S.C. § 2254 and notified him that the letter was a deficient filing.  See Order to Cure Deficiency at

1, filed June 29, 2016 (Doc. 3)("Order").  The Court provided Corral with a form § 2254 petition and

granted him thirty days to file an amended habeas corpus request in proper form.  See Order at 2.

The form petition notified Corral that, "[t]o proceed in the federal court, you must ordinarily first

exhaust (use up) your available state court remedies on each ground on which you request action by

the federal court."  Amended Petition at 5.  The form petition requested that Corral inform the Court

whether he had exhausted his available state court remedies and, if not, to explain why he had not

exhausted those remedies.  See Amended Petition at 5-12.

Corral submitted his Amended Petition, using the form petition that the Court provided, on

July 11, 2016.  See Amended Petition at 1.  Corral's Amended Petition indicates that he has not filed

any appeal, or any post-conviction challenge to, his conviction or sentence.  See Amended Petition at

2, 5-12.  He does not explain why he has neither appealed nor collaterally challenged his conviction or sentence.  <u>See</u> Amended Petition at 2, 5-12.  The form petition also includes the following question: "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? . . .  If your answer is 'No,' state which grounds have not been presented and give your reason(s) for not presenting them[.]"  Amended Petition at 12.  In response to this question, Corral has placed a checkmark in the "No" box, but does not state which grounds for relief he has not presented or give any reason for not presenting them to the highest state court.  <u>See</u> Amended Petition at 12.

## LAW REGARDING EXHAUSTION OF STATE COURT REMEDIES

The issue of exhaustion of state court remedies is a "threshold barrier[]" to habeas relief. <u>Day v. McDonough</u>, 547 U.S. 198, 205 (2006).  By statute, federal habeas relief is not available to a state prisoner "unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."  28 U.S.C. § 2254(b).  Thus, under § 2254(b), a prisoner in state custody must exhaust his available state court remedies before he may proceed with a habeas corpus petition in federal court.  "For a federal court to consider a federal constitutional claim in an application for habeas, the claim must be 'fairly presented to the state courts' in order to give state courts the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'"  <u>Prendergast v. Clements</u>, 699 F.3d 1182, 1184 (10th Cir. 2012)(quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971)).

The exhaustion doctrine "reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a 'swift and imperative remedy in all cases of illegal restraint or confinement.'"  <u>Braden v. 30th Judicial Cir. Ct. of Ky.</u>, 410 U.S. 484, 490

(1973)(quoting Secretary of State for Home Affairs v. O'Brien, [1923] A.C. 603, 609 (H.L.)).  While the doctrine advances several interests, it is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose v. Lundy, 455 U.S. 509, 518 (1982).  See Deters v. Collins, 985 F.2d 789, 794 (5th Cir. 1993).  Federal courts apply the exhaustion doctrine as a matter of comity, deferring action on causes properly within their jurisdiction until the forum state's courts with "concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Rose v. Lundy, 455 U.S. at 518 (citing Darr v. Burford, 339 U.S. 200, 204 (1950))(internal quotation marks omitted).

Federal courts have "discretion to consider the issue of exhaustion despite the State's failure to interpose the defense . . . ." Day v. McDonough, 547 U.S. at 206 (citing Granberry v. Greer, 481 U.S. 129, 133 (1987)).  See United States v. Mitchell, 518 F.3d 740, 746 n.8 (10th Cir. 2008)("*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent.")(citing Granberry v. Greer, 481 U.S. at 133; Caspari v. Bohlen, 510 U.S. 383, 389 (1994)).  The Supreme Court has explained that "the usual practice of requiring the parties to plead all affirmative defenses [does] not apply" in the habeas context, because "habeas proceedings are different from ordinary civil litigation . . . ." United States v. Mitchell, 518 F.3d at 746 (relying on Day v. McDonough, 547 U.S. at 202, 205-06, 209).  "[C]onsiderations of comity, finality, and the expeditious handling of habeas proceedings . . . counsel against an excessively rigid or formal approach to the affirmative defenses" in this context. Day v. McDonough, 547 U.S. at 208 (footnote omitted).  Indeed, 28 U.S.C. § 2254(b)(3) "establishes a statutory presumption that a state has not and will not waive the exhaustion requirement in the habeas context: 'A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless

the State, through counsel, expressly waives the requirement.'" Allen v. Zavaras, 568 F.3d 1197, 1202 (10th Cir. 2009)(quoting 28 U.S.C. § 2254(b)(3)).

Because exhaustion is "not 'jurisdictional,'" however, federal courts are "under no *obligation* to raise the [issue] *sua sponte*." Day v. McDonough, 547 U.S. at 205 (emphasis in original)(citations omitted). There is a "strong presumption" in favor of requiring a state prisoner to pursue available state remedies, but "his failure to do so is not an absolute bar to appellate consideration of his claims." Granberry v. Greer, 481 U.S. at 131. A federal court may disregard § 2254's exhaustion requirement if it determines that "the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim." Granberry v. Greer, 481 U.S. at 134. This is a narrow exception, however, as it "relates only to the special circumstance of the prosecution never having raised the exhaustion defense," Lambert v. Blackwell, 134 F.3d 506, 515 (3d Cir. 1997), and because, under § 2254(b)(3), a state waives exhaustion and cannot rely upon it only if it "expressly waives the requirement," Allen v. Zavaras, 568 F.3d at 1202 (citing 28 U.S.C. § 2254(b)(3)).

Nevertheless, because exhaustion "'implicate[s] values beyond the concerns of the parties,'" Day v. McDonough, 547 U.S. at 205 (quoting Acosta v. Artuz, 221 F.3d 117, 123 (2d Cir. 2000)), the general rule under 28 U.S.C. § 2254(b)(1) is that habeas corpus relief may not be granted unless the applicant has exhausted the remedies available in the state courts. "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994)(citation omitted). "[F]ederal courts may not grant a writ of habeas corpus unless the prisoner has 'given the state courts a full opportunity to resolve any constitutional

- 5 -

issues by invoking one complete round of the State's established appellate review process.'"
Tanguma v. Golder, 177 F. App'x 829, 830 (10th Cir. 2006)(quoting O'Sullivan v. Boerckel, 526
U.S. 838, 845 (1999)).  Before seeking a federal court remedy, then, a state prisoner must exhaust his
remedies in state court, demonstrate that there is an absence of available state remedies, or show that
circumstances exist that render the state process ineffective to protect the petitioner's rights.  See 28
U.S.C. § 2254(b)(1).  See also O'Sullivan v. Boerckel, 526 U.S. at 842.  A habeas petitioner "bears
the burden of demonstrating that he has exhausted his available state remedies."  McCormick v.
Kline, 572 F.3d 841, 851 (10th Cir. 2009)(citation omitted).

## CORRAL HAS NOT EXHAUSTED HIS STATE COURT REMEDIES

Section 2254(b)(1)(A) requires that a habeas applicant "exhaust[] the remedies available in
the courts of the State" unless the state's corrective process is incapable of protecting the applicant's
rights.  Corral acknowledges that he has not filed an appeal or a post-conviction state habeas corpus
proceeding.  See Amended Petition at 2, 5-12.  Corral admits that he has not raised any of his claims
in front of the Supreme Court of New Mexico.  See Amended Petition at 12.  Further, even though
he has not sought to have the New Mexico appellate courts adjudicate his claims, Corral provides no
explanation why he has not appealed.  See Amended Petition at 5-12.  His habeas petition does not
suggest that New Mexico's corrective process is incapable of protecting his rights.  Corral, therefore,
is not excused from § 2254(b)(1)(A)'s exhaustion requirement and did not exhaust the claims he
seeks to raise before the Court.  See O'Sullivan v. Boerckel, 526 U.S. at 845.

Under Rule 4 of the Rules Governing Section 2254 Proceedings, the Court has an obligation
to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief . . . ."  Allen v. Zavaras, 568 F.3d at 1202.  In Allen
v. Zavaras, the Tenth Circuit affirmed the district court's sua sponte dismissal of a prisoner's § 2254

petition in which he "averred he filed his state court petition in the Colorado Supreme Court (as opposed to the state district court) and it was denied on the same day it was filed." 568 F.3d at 1202. The Tenth Circuit held that, "[f]rom these facts alone, the district court correctly determined Allen had not exhausted his state remedies." 568 F.3d at 1202. The Tenth Circuit explained that exhaustion requires that a state court "actually consider[] the merits of a habeas petition" and that the Supreme Court of Colorado's same-day rejection was not on the petition's merits. 568 F.3d at 1203. Thus, the Tenth Circuit concluded that the prisoner was not entitled to § 2254 relief, because his "failure to exhaust was clear from the face of his petition." 568 F.3d at 1202.

Here, it is clear from the Amended Petition's face that Corral has failed to exhaust his state court remedies and, as a result, that he cannot obtain § 2254 relief. See Rose v. Lundy, 455 U.S. at 518. The Amended Petition indicates that Corral has not pursued any remedies in the New Mexico state courts. See Amended Petition at 2, 5-12. At the same time, the Amended Petition does not meet the requirements necessary for the Court to excuse exhaustion under § 2254(b)(1)(B), namely, it does not allege that New Mexico's corrective process is incapable of protecting Corral's rights. Finally, New Mexico has not expressly waived, through counsel, the exhaustion requirement. Thus, because Corral has failed to exhaust his state court remedies, the Court will "dismiss the petition without prejudice so that those remedies may be pursued." Demarest v. Price, 130 F.3d 922, 939 (10th Cir. 1997). Accord Bland v. Sirmons, 459 F.3d 999, 1012 (10th Cir. 2006)("[A] federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies.").

**IT IS ORDERED** that: (i) Petitioner's Petition, filed June 20, 2016 (Doc. 1), is dismissed without prejudice; (ii) Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed July 11, 2016 (Doc. 5), is dismissed without prejudice; and (iii)

Petitioner's Motion for Extension of Time to File Response, filed November 28, 2016 (Doc. 12), is

denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jose L. Corral
Guadalupe County Correctional Facility
Santa Rosa, NM

    *Petitioner Pro Se*